Janice M. DORSTEN, D.O., Plaintiff and Counter-Defendant,

v.

LAPEER COUNTY GENERAL HOSPITAL, Dr. Clifford House, Dr. Randy Bork, Dr. William Heitsch, Dr. Charles Leidheiser, Dr. Paul Lepor, Dr. Harry Zemmer, Dr. Jules Reinhardt, Destain Steward, Richard Bahls and Newton Davis, jointly and severally, Defendants and Counter-Plaintiffs.

No. 79–40008.

United States District Court, E. D. Michigan, S. D.

Nov. 11, 1980.

---

584

Malcolm A. Harris, Farmington Hills, Mich., Philip Green, Ann Arbor, Mich., for plaintiff and counter-defendant.

Bruce W. Franklin, Troy, Mich., John A. Ransom, Flint, Mich., for defendants and counter-plaintiffs.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

This action was originally set for an interim pretrial conference on September 13, 1980, in order to resolve certain discovery problems involving Plaintiff's motion to compel discovery and Defendants' assertions of a statutory privilege preventing access to peer review materials. On that date the Court was advised that defense counsel had not received Plaintiff's motion. The conference was reset for October 7, 1980, and counsel for all parties were instructed to reply to Plaintiff's motion before then. The conference was not held due to some confusion as to the time and medium—telephone—for the conference. However, the parties have fully briefed the matter and the Court is prepared to rule.

Plaintiff brought this action against Defendant hospital and several individual doctors on the Medical Board alleging wrongful denial of Plaintiff's application for appointment to the medical staff for physician privileges. Plaintiff asserts claims under 42 U.S.C. § 1983 for sex discrimination, violations of the Sherman Antitrust Act and pendent claims for defamation and interference with advantageous business relations. (A motion for partial summary judgment on the Sherman Antitrust Act claims is also before the Court, *See* accompanying Order).

The action is before the Court in order to resolve discovery problems regarding Plaintiff's access to peer review of male physicians for staff privileges. Plaintiff seeks peer review reports in those instances where Defendants were involved or had some input. (This Court has already grant-

ed Plaintiff's request for access to her own peer review materials). Defendants are resisting Plaintiff's request based on their assertion of the statutory privilege set out in M.C.L.A. § 333.21515.[1]

While Plaintiff acknowledges that M.C.L.A. § 333.21515 purports to establish an "absolute privilege" for peer review reports conducted by hospital review boards, she asserts that the Federal Court should not allow the asserted privilege to bar discovery in this instance.

Plaintiff notes that while she states claims arising from common law and based on diversity jurisdiction, she also states claims under federal law, specifically civil rights and antitrust legislation and argues that a claim of disparate treatment in the denial of staff privileges predominates. Plaintiff contends that in order to prove a disparate treatment case, she must show the difference in the way "comparable" male physicians were treated and needs this discovery in order to ascertain the standards used in judging Plaintiff's male counterparts. Plaintiff analogizes her request to one for access to performance evaluations of fellow employees in the typical industrial setting and concludes that were it not for M.C.L.A. § 333.12515, the information would clearly be discoverable.

Plaintiff relies on *Carr v. Monroe Manufacturing*, 431 F.2d 384 (5 Cir. 1970) for the type of analysis of state statutory privileges in federally based actions where state privileges are asserted. In *Carr*, a Title VII case, the court acknowledged the deference paid to state legislative policy but emphasized the independent balancing approach to be taken. This balancing approach evaluates the policies of the state privilege and the federal policy behind the federal statute granting subject matter jurisdiction. With respect to this analysis, Plaintiff notes that the statutory privilege is relatively new legislation enacted in apparent response to increased medical malpractice litigation and a desire to improve the quality of health care by insuring candid review of medical practices and procedures. Plaintiff also cites *Robinson v. Magovern*, 83 F.R.D. 79 (E.D. Pa.1979), a Sherman Antitrust case, for the proposition that despite state statutory privileges barring discovery of records identical to those that Plaintiff seeks in this case, the federal policy to be protected by granting such discovery was paramount.

Plaintiff concludes that the interests of the state statutory privilege can be achieved despite the provision of the requested discovery, by an appropriate protective order.

Defendants strenuously argue that M.C.L.A. § 333.21515 legislated an absolute privilege and should be recognized in this case. While Defendants concede that the mere existence of a state statutory privilege in and of itself is insufficient to assure complete guarantee of privacy in federal litigation, they contend that the instances where such a state mandate is "ignored" are and should be severely limited.

While Defendants distinguish the *Carr* decision claiming the court was only concerned with a limited privilege rather than the absolute privilege provided for in the present statute, M.C.L.A. § 333.21515 and distinguish *Robinson* on the basis that it dealt with discovery of Plaintiff's records and by its own terms a limited decision, Defendants do recognize the propriety of the balancing approach taken by those and similar decisions.

Thus, applying the same balancing approach, Defendants emphasize the purposes behind the statutory privilege. Apart from the language of the statute itself which highlights the importance of unbiased and ongoing peer review of medical care rendered and professional competence, Defendants cite *Bredice v. Dr.'s Hospital Inc.*, 51 F.R.D. 187 (D.C.1970), which indicates that peer review committees operate with the

---

1. Note that M.C.L.A. § 331.422(2) cited by Defendant was repealed by P.A.1978, No. 368, § 25101, Effective September 30. "The records, data, and knowledge collected for or by individuals or committees assigned a review function described in this article are confidential and shall be used only for the purposes provided in this article, shall not be public records, and shall not be available for court subpoena."

**586**

understanding that their communications are confidential and that "candid and conscientious evaluation of clinical practices is the sine qua non of adequate health care." In addition, Defendants assert that federal legislation reflects approval of such a privilege and cites the exemption from disclosure in the Freedom of Information Act for personal medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

Finally, Defendants contend that a protective order will not be feasible inasmuch as such information once disclosed quickly becomes public knowledge and cannot easily be forgotten.

 First, it is clear that despite the existence of the state statutory privilege, in cases arising under federal law there is no constitutional inhibition to abrogation of state created privileges either in connection with the admission of evidence or in connection with pretrial discovery. *See* generally —Moore's Federal Practice ¶ 26.69[7] at n. 6a.[2] It is also clear that the presence of pendent state claims does not bar access and that the determination with respect to the federal claim will control discovery for the entire action. *See* generally 48 ALR Fed. 259, Situations in which Federal Courts are governed by state law of Privilege under Rule 50a of FRE, § 4 Effect of Pendent State Claim in Federal Question cases; *Robinson, supra.*

 Thus, inasmuch as Plaintiff states a claim under federal legislation including 42 U.S.C. § 1983 barring discriminatory acts, this Court is called upon to conduct its own evaluation in order to determine whether the information sought is discoverable. *See Carr, supra.* While the cases cited by the parties concerned Title VII and Sherman Antitrust Claims, they invoke the type of balancing analysis deemed appropriate when a federal question is the basis of subject matter jurisdiction and a state privilege is raised. In accordance with this

analysis, this Court finds that the balance weighs in favor of discovery by Plaintiff. Plaintiff's overall claim is one for disparate treatment. It is difficult to perceive how any Plaintiff can be expected to argue and prove such a case without access to the type of review and decision-making processes undertaken in comparable situations with Plaintiff's male "counterparts." The interest sought to be achieved by the state's legislative privilege and scheme for peer review can be preserved by an appropriate protective order.

Plaintiff's motion to compel is HEREBY GRANTED, but access to the materials will be subject to an appropriate protective order. A proposed order should be submitted to this Court by November 26, 1980.

IT IS SO ORDERED.

---

2. M.C.L.A. § 333.21515 by its terms precludes the court subpoena of such records and states

that they are not public records.