EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Applicant,

v.

ST. LOUIS DEVELOPMENTAL
DISABILITIES TREATMENT
CENTER, Respondent.

No. 87 MISC 422.

United States District Court,
E.D. Missouri, E.D.

Dec. 15, 1987.

Rochelle Nwadibia, E.E.O.C., St. Louis,
Mo., for E.E.O.C.

Kevin B. Behrndt, Asst. Missouri Atty.
Gen., St. Louis, Mo., for St. Louis Develop-
mental Disabilities Treatment Center.

## ORDER

CAHILL, District Judge.

The Court has carefully considered appli-
cant's petition for an order that the subpoe-

na issued upon respondent be complied with, and the report and recommendation of the United States Magistrate concerning said petition.

Wherefore,

IT IS HEREBY ORDERED that the report and recommendation of the United States Magistrate be and it is SUSTAINED AND ADOPTED as the order of this Court.

IT IS FURTHER ORDERED that the petition of the Equal Employment Opportunity Commission for the enforcement of its subpoena against the St. Louis Developmental Disabilities Treatment Center is sustained and the respondent is HEREBY ORDERED to comply with said petition to the extent that it has not already done so.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE

November 18, 1987.

DAVID D. NOCE, United States Magistrate.

This cause is before the Court upon the application of the Equal Employment Opportunity Commission (EEOC) petitioning for an order that the subpoena issued upon St. Louis Developmental Disabilities Treatment Center (the Center), be complied with. This cause was referred to the undersigned United States Magistrate for review and a recommended disposition. 28 U.S.C. § 636(b). A hearing was held on October 30, 1987.

On December 1, 1985, Phyllis Morrison, a caucasian employee of the Center was discharged from employment after being charged with abuse and neglect of a patient. Morrison filed a discrimination charge against the Center with the EEOC on December 11, 1985. She claimed discrimination on the basis of race, because black employees who had also been accused of patient abuse had not been discharged.

The EEOC issued a subpoena which required the Center to provide documents showing information pertaining to investigations of employees accused of patient abuse between December 1, 1984 and December 30, 1985. The Center filed a petition to modify or revoke the subpoena which was denied by the EEOC.

As a result of Respondent's failure to fully comply with the subpoena, the EEOC brought the present enforcement action.

The subpoena issued by the EEOC requires production of the following information:

1. For each and every person who worked in the charging party's unit, who was accused of patient abuse at any time during the period December 1, 1984 to December 30, 1985, provide documents to show, in whole or in part, the following information:

a. name;

b. race;

c. employment history, including job titles held and dates each job title was held;

d. disciplinary history, including offense, and type of discipline assessed;

e. all facts underlying the accusation of patient abuse, including the date the abuse was alleged to have occurred;

f. steps taken to investigate the accusation;

g. findings made as a result of the investigation;

h. action taken by the employer as a result of the investigation and findings;

i. if no discipline taken, reason(s) therefor.

Paragraph two of the subpoena required production of documents from the personnel files of three named employees that would show essentially the same information as paragraph one.

The EEOC admits that the Center has partially complied with both paragraphs. With respect to paragraph one, the Center has provided only the name, race and job title of employees for the period of June 1, 1985 to December 30, 1985 and has provided no information for December 1, 1984 to June 1, 1985. With respect to paragraph 2, the Center has provided only the name, race, and partial disciplinary history for the three employees.

The Center contends that enforcement should be denied because: (1) the subpoena is overly broad, burdensome, and requests irrelevant information; and (2) the subpoena requests records that are confidential under Missouri state law.

■ The EEOC is responsible for enforcing the provisions of Title VII of the 1964 Civil Rights Act prohibiting employment discrimination. 42 U.S.C. §§ 2000e–2, 2000e–3, 2000e–5(a). The investigatory power of the EEOC is defined in § 2000e–8(a) which provides:

In connection with any investigation of a charge filed under section 2000e–5 of this title, the commission or its designated representative shall at all reasonable times have access to, for the purposes of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by this subchapter and is relevant to the charge under investigation.

This section requires that the evidence sought be "relevant to the charge under investigation." Courts have given a broad construction to the term "relevant" and "have afforded the Commission access to virtually any material that might cast light on the allegations against the employer." *EEOC v. Shell Oil Co.,* 466 U.S. 54, 68–69, 104 S.Ct. 1621, 1631, 80 L.Ed.2d 41 (1984).

The evidence sought by the EEOC in the present action clearly meets the relevancy requirement. In order for the EEOC to determine whether there is a basis for Morrison's discrimination claim, it must be able to compare her treatment with that of other employees who were in similar situations. *See, EEOC v. University of Pittsburgh,* 643 F.2d 983, 985–86 (3rd Cir.1981); *Dorsten v. Lapeer County General Hospital,* 88 F.R.D. 583, 586 (E.D.Mich.1980). All of the information requested by the subpoena is relevant to this goal.

■ The subpoena issued by the EEOC seeks information that is relevant to the charge under investigation and must be enforced, unless the Center demonstrates that it is unduly burdensome. *EEOC v. Maryland Cup Corp.,* 785 F.2d 471, 475–76 (4th Cir.1986). The Center must demonstrate that compliance would seriously disrupt the normal operation of its business. *Id.,* at 477.

The Center argues that it would have to devote extra time and employees to comply with the subpoena and as a result effective service to its residents would suffer. The Center does not state how much extra work compliance would involve or why its patients would necessarily have to suffer as a result. The EEOC requests only that the Center provide documents which contain certain information. The Center provides no reason to believe that production of these documents would be unduly burdensome so that its normal business operations would be seriously disrupted.

■ The Center contends that the subpoena requests confidential information, the disclosure of which is prohibited by Missouri law. The relevant statute provides in pertinent part:

1. Upon receipt of a report, the department shall initiate an investigation within twenty four hours.

\* \* \* \* \* \*

3. Reports shall be confidential, shall not be deemed a public record, ... except that, all such reports shall be open to the parents or other guardian of the patient, resident, or client who is the subject of such report. The name of the complainant or any person mentioned in the reports shall not be disclosed unless such complainant or person specifically requests such disclosure or unless a judicial proceeding results therefrom.

§ 630.167(1), (3) R.S.Mo. (1986). This section is included with others under the heading of "Patients Rights." The apparent purpose of the section is to protect the persons who report abuse against a patient. Either the patient who has allegedly been abused or the person making the report may request its disclosure. If the report leads to a judicial proceeding, it may be disclosed.

Whether this statute applies in this instance is determined by Rule 501 of the Federal Rules of Evidence which provides:

Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege … shall be determined in accordance with State law.

The present action is brought under Title VII of the Civil Rights Act of 1964 and thus it is not one to which "State law supplies the rule of decision." Rule 501 implies that the Missouri confidentiality statute does not control the result of this action. On that basis several courts have held that state confidentiality statutes were inapplicable in situations analogous to the present one. *See, Delozier v. First Nat. Bank of Gatlinburg,* 109 F.R.D. 161, 163 (E.D.Tenn 1986); *Sirmans v. City of South Miami,* 86 F.R.D. 492, 494–95 (S.D. Fla.1980); *Garrity v. Thomson,* 81 F.R.D. 633, 635 (D.N.H.1979).

Many courts, while recognizing that a state confidentiality statute need not be applied in federal cases, engage in a balancing analysis to determine whether the state statute should be applied in a particular case. *Dorsten, supra,* 88 F.R.D. *at* 586; *Schafer v. Parkview Memorial Hospital, Inc.,* 593 F.Supp. 61, 62–63 (N.D.Ind. 1984).

It is unnecessary in this instance to apply the state statute because the state's interest in protecting confidential information is served by the federal statute which regulates the actions of the EEOC. 42 U.S.C. § 2000e–8(e) provides in part:

It shall be unlawful for any officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section prior to the institution of any proceeding under this subchapter involving such information.

The possible penalty for violation of this section is a fine of $1,000.00 or one year in prison.

The EEOC's interest in fulfilling the statutory mandate to investigate charges of employment discrimination outweighs the Center's interest in withholding relevant information from the EEOC. The expectations of patients and others regarding the confidentiality of reports of abuse are adequately protected by federal law.

## RECOMMENDATION

For the reasons set forth above, it is the recommendation of the undersigned that the petition of the Equal Employment Opportunity Commission for the enforcement of its subpoena against the St. Louis Developmental Disabilities Treatment Center be sustained and that an order directing compliance, to the extent that the Center has not already complied, be issued.

The parties may have twenty (20) days in which to file written objections to this Report and Recommendation.