Allan F. BREED et al., Petitioners,

v.

UNITED STATES DISTRICT COURT FOR the NORTHERN DISTRICT OF CALIFORNIA, Respondent,

Lionel TAYLOR and Henry Parker, Real Parties in Interest.

No. 75–1820.

United States Court of Appeals, Ninth Circuit.

Sept. 29, 1976.

Gloria F. DeHart, Deputy Atty. Gen. (argued), San Francisco, Cal., for petitioners.

Peter B. Sandmann (argued), San Francisco, Cal., for respondent.

Before DUNIWAY and SNEED, Circuit Judges, and PLUMMER,* District Judge.

DUNIWAY, Circuit Judge:

Petitioners, defendants in the trial court, seek a writ of mandamus or prohibition under the All Writs Act, 28 U.S.C. § 1651, directing a three-judge district court to vacate its order compelling discovery. We postponed submission pending decision by the Supreme Court in *Kerr v. United States District Court*, 9 Cir., 1975, 511 F.2d 192, *affirmed*, 1976, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). We now submit the case and deny the petition.

### I.  *Jurisdiction.*

As a preliminary matter, we consider whether we have jurisdiction of a petition for an extraordinary writ directed to a three-judge district court. *MTM, Inc. v. Baxley*, 1975, 420 U.S. 799, 95 S.Ct. 1278, 43 L.Ed.2d 636, implies that we do. There a three-judge court had dismissed the plaintiffs' civil rights action without reaching the constitutional issues which had required its formation, relying instead upon the in-

---

* The Honorable Raymond E. Plummer, Senior United States District Judge for the District of Alaska, sitting by designation.

appropriateness of federal intervention while parallel state proceedings were pending. *General Corp. v. Sweeton,* N.D.Ala., 1973, 365 F.Supp. 1182, *appeal dismissed sub nom. MTM, Inc. v. Baxley, supra.* The plaintiffs took a direct appeal to the Supreme Court as provided in 28 U.S.C. § 1253. In declaring that it lacked jurisdiction, the Court said:

> [W]e conclude that a direct appeal will lie to this Court under § 1253 from the order of a three-judge federal court denying interlocutory or permanent injunctive relief only where such order rests upon resolution of the merits of the constitutional claim presented below.

*Id.* at 804, 95 S.Ct. at 1281.

We take this to mean, by implication, that we have jurisdiction over appeals from appealable orders of three-judge district courts that do not resolve the merits of the constitutional claim presented. *Gonzalez v. Automatic Employees Credit Union,* 1974, 419 U.S. 90, 99–101, 95 S.Ct. 289, 42 L.Ed.2d 249; *Valentino v. Howlett,* 7 Cir., 1976, 528 F.2d 975, 977–78; *First American Bank & Trust Co. v. Ellwein,* 8 Cir., 1975, 520 F.2d 1309, 1310 n.1, *cert. denied,* 1976, 423 U.S. 1055, 96 S.Ct. 788, 46 L.Ed.2d 645; *cf. Wernick v. Matthews,* 5 Cir. 1975, 524 F.2d 543, 547. We apply the same principle where petitioners seek an extraordinary writ, because § 1651 empowers us to issue such a writ "in aid of" our appellate "jurisdiction."

## II. *The Merits.*

Reaching the merits, we find *Kerr* controlling. The objections to the district court order based on relevance, the Freedom of Information Act, and the Fourth Amendment are the same as those rejected in *Kerr.* We pass now to the two factors which distinguish this case from *Kerr.* They are:

(1) that this case involves records relating to juveniles in the custody of the California Youth Authority (CYA), while *Kerr* concerned records relating to adults in the custody of the California Adult Authority; and

▇ that the Director of the CYA has personally filed an affidavit and answers to interrogatories claiming privilege. In *Kerr* the claim was made through petitioner's counsel. 511 F.2d at 198.

We examine first the adequacy of the claim of privilege and are guided by the standards established in *United States v. Reynolds,* 1953, 345 U.S. 1, 7–8, 73 S.Ct. 528, 97 L.Ed. 727; *See Kerr v. United States District Court, supra,* 511 F.2d at 198. Director Breed's affidavit and response to plaintiffs' interrogatories pass the first test, that is they are "lodged by the head of the department which has control over the matter," *United States v. Reynolds, supra,* 345 U.S. at 8, 73 S.Ct. at 532. However, they fail the second and third tests. The conclusory declaration that "such [personnel and inmate] files are privileged and confidential" manifests neither "personal consideration," *id.,* nor sufficient specificity, *Kerr, supra,* 511 F.2d at 198, to sustain the claim. Unless we hold that there is an absolute privilege against disclosure of some or all of the types of materials sought, *cf., United States v. Nixon,* 1974, 418 U.S. 683, 706, 94 S.Ct. 3090, 3107, 41 L.Ed.2d 1039 ("military, diplomatic, or sensitive national security secrets"), the writ that petitioners seek must be denied.

▇ The scope of an evidentiary privilege in a 42 U.S.C. § 1983 civil rights action is a question of federal law. *Kerr, supra,* 511 F.2d at 197. State law may provide a useful referent, but it is not controlling. The contention that the doctrine of governmental privilege precludes disclosure of personnel records, whether or not established in California state courts, is not the law of this circuit. *Id.* at 198–99.

▇ Discovery of the ward files, concerning in many cases juveniles, presents a problem that we did not deal with in *Kerr.* We are troubled by that portion of the district court's order which permits disclosure of the identities of persons who are or were in the custody of the Youth Authority. However, the paragraph preventing dissem-

ination of this information is quite broad, providing:

> [P]laintiffs' counsel shall not show any inmate or ward files of CYA inmates confined at Deuel Vocational Institute or any administrative personnel files of CYA Board Members to any person except those personnel employed in their respective offices, and then only to the extent necessary to the conduct of this litigation, nor shall any disclosure of information in any of those files be made, except as may be permitted by further order of this Court.

*Cf. Kerr, supra,* 511 F.2d at 195 n. 4. Balancing the invasion of these minors' rights of privacy against the plaintiffs' need for this information as found by the district court, we do not find petitioners' position so "clear and indisputable" that extraordinary relief is appropriate. *Kerr v. United States District Court, supra,* 426 U.S. 394, 96 S.Ct. 2119, 2125, 48 L.Ed.2d 725. However, as in *Kerr,* we leave "open the opportunity for petitioners to return to the District Court, assert the privilege more specifically . . . , and then have their request for an *in camera* review of the materials by the District Court reconsidered in a different light." *Id.* at 2125. Also, as required by *Kerr,* we recognize "that *in camera* review is a highly appropriate and useful means of dealing with claims of governmental privilege." *Id.* at 2126.

The petition for a writ of mandamus or of prohibition is denied.

The stay heretofore ordered by this court will expire 28 days after the filing of this opinion.