

---

John de J. Pemberton, Jr., Jonathan T. Peck, F. Cancino, E.E.O.C., San Francisco, CA, for plaintiff.

Steven R. Sanders, County Counsel, Karen R. Forcum, Deputy County Counsel, County of San Benito, Hollister, CA, for respondent.

---

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Applicant,

v.

## COUNTY OF SAN BENITO, Respondent.

### No. C–93–0008–MISC–VRW.

United States District Court, N.D. California.

April 14, 1993.

## ORDER GRANTING REQUEST FOR ENFORCEMENT OF SUBPOENAS AND DENYING REQUEST FOR COSTS AND ATTORNEY'S FEES.

WALKER, District Judge.

I.

This proceeding comes before the court on the application of the United States Equal Employment Opportunity Commission ("the Commission") for an order enforcing three administrative subpoenas served by the Commission upon respondent, County of San

Benito, and awarding costs and attorney's fees incurred by the Commission in bringing this application. The three subpoenas required the County of San Benito to produce documents relevant to the Commission's investigation of three charges of sex discrimination and retaliation filed against the County by Ms. Lani E. Stahl on May 15, 1992, by Mr. Thomas L. Keylon on May 19, 1992 and by Ms. Christie L. Keylon. All three plaintiffs are employees of the County of San Benito—Ms. Lani Stahl and Mr. Thomas Keylon are employed as Deputy Sheriffs and Ms. Christie Keylon is a Court Clerk. Ms. Stahl and Ms. Keylon allege that the County of San Benito violated Title VII by subjecting them to sexual harassment and a hostile working environment. Mr. Keylon filed a charge with the Commission alleging that the County violated Title VII by subjecting him to a hostile work environment. These claims of sexual harassment, subjection to a hostile work environment and retaliation arise from the contention that Mr. Keylon's supervisor, Sergeant Gregg Zazueta, continually made sexual comments to and about Keylon's wife, charging party Christie L. Keylon, and his daughter, charging party Lani E. Stahl. Sergeant Zazueta is a county employee employed by the Sheriff's Department.

Each of the subpoenas seeks, among other documents, a copy of San Benito County's report recommending disciplinary action against Sergeant Zazueta and the complete personnel records of Sergeant Zazueta, including performance evaluations, counselling memoranda, time and attendance records and awards. The County of San Benito failed to provide the above requested information and failed to object to the requests within the required five-day period. Accordingly, the Commission brings this application for an order to enforce the subpoenas. Having reviewed the papers submitted and considered the arguments of counsel presented at a hearing on February 19, 1993, the court hereby **GRANTS** the Commission's request for an order enforcing the three subpoenas and **DENIES** the Commission's request for costs and attorney's fees.

## II.

As a preliminary matter, this court has jurisdiction to enforce the Commission's subpoenas in a summary proceeding. Section 710 of Title VII, 42 USC § 2000e–9, provides that the conduct of Commission investigations, including the resolution of matters pertaining to the Commission's subpoena power, shall be governed by section 11 of the National Labor Relations Act, 29 USC § 161. Section 11(2) of the NLRA confers jurisdiction upon the United States District Courts to enforce subpoenas issued in the course of administrative investigations.

## III.

The Supreme Court has held that subpoenas issued by administrative agencies may be enforced where the investigation is within the authority of the agency, the demand is not too indefinite, and the information sought is reasonably relevant to the investigation. *United States v. Morton Salt Co.*, 338 U.S. 632, 652, 70 S.Ct. 357, 368, 94 L.Ed. 401 (1950); *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 503, 63 S.Ct. 339, 340, 87 L.Ed. 424 (1943). The County of San Benito does not dispute that the information requested in the three administrative subpoenas is specific, definite and directly relevant to Ms. Lani Stahl's, Mr. Thomas Keylon's and Ms. Christie Keylon's charges of discrimination and/or subjection to a hostile work environment.

In addition, the County of San Benito does not deny that it failed to file a petition to revoke or modify the subpoenas served upon it within the required five-day response period. The Commission's Procedural Regulations specifically set forth procedures by which Title VII respondents, such as the County of San Benito, can raise objections to a subpoena. 29 CFR § 1601.16(b)(11)(2) 1986. According to the regulation, any petition to revoke or modify the subpoena must be filed within five days of service.

The only argument respondent advances against enforcing the subpoenas is that state law requires a county to refuse to disclose to the Commission a peace officer's personnel records and information obtained from those records. The County of San Benito cites

section 832.7(a) of the California Penal Code, which provides in relevant part:

> Peace officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding * * *.

Penal Code section 832.8 provides in part: "As used in Section 832.7, 'personnel records' means any file maintained under that individual's name by his or her employing agency and containing records relating to any of the following:

> (a) Personal data, including marital status, family members, educational and employment history, home addresses, or similar information;
>
>    \*     \*     \*     \*     \*     \*
>
> (d) Employment advancement, appraisal, or discipline;
>
> (e) Complaints, or investigations of complaints, concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties; or
>
> (f) Any other information the disclosure of which would constitute an unwarranted invasion of personal privacy.

The court finds, however, that California's confidentiality laws relating to peace officers do not provide a basis for declining to comply with the Commission's subpoenas. The courts have decided that the federal Equal Employment Opportunity Commission's mandates preempt state restrictions. *See e.g., Garrett v. City & County of San Francisco,* 818 F.2d 1515, 1519 n. 6 (9th Cir.1987); *Breed v. United States District Court,* 542 F.2d 1114, 1115 (9th Cir.1976); *Carr v. Monroe Mfg. Co.,* 431 F.2d 384, 388 (5th Cir. 1970); *Dorsteen v. Lapeer County General Hospital,* 88 F.R.D. 583, 585–86 (E.D.Mich. 1980); *EEOC v. Bay Shipbuilding Corp.,* 668 F.2d 304, 312 (7th Cir.1981); *EEOC v. Roadway Express Inc.,* 750 F.2d 40, 43 (6th Cir. 1984); *Kerr v. United States District Court,* 511 F.2d 192, 197 (9th Cir.1975).

The County of San Benito asserts that *Breed* is distinguishable on the ground that the discovery request in *Breed* was for access to state Youth Authority personnel files, not peace officer personnel records. Similarly, the County contends that *Bay Shipbuilding Corp.* does not apply because the Equal Employment Opportunity Commission served a subpoena on a shipbuilding corporation directing it to respond to a questionnaire relating to the corporation's employment practices. It did not involve a request for release of a peace officer's personnel records.

Even if *Breed* and *Bay Shipbuilding Corp.* are factually distinguishable, respondent fails to distinguish the other cases on the facts. In *Kerr,* the Ninth Circuit specifically affirmed the district court's decision granting a discovery motion requiring production of personnel files of members and executive personnel of the California Adult Authority. In *Kerr,* a group of California prisoners charged certain members and executive personnel of the California Adult Authority with constitutional violation in connection with suspension of parole and imposition of sanctions for alleged infractions of prison rules. When the defendants in *Kerr* tried to argue that "established principles of California law * * * create an absolute or qualified privilege for personnel files," the Ninth Circuit expressly rejected this argument. The court reasoned that the existence and scope of privilege should be determined by reference to federal, not California law. *Kerr,* 511 F.2d at 197.

In addition, the court in *Garrett v. City of San Francisco,* 818 F.2d 1515, 1519, n. 6 (9th Cir.1987), held that the scope of an evidentiary privilege in a proceeding based on a federal statute is a question of federal law. In *Garrett,* defendants argued that the sought documents were protected by state-created privileges, but the court ruled to the contrary. The court ruled that

> [i]n a Title VII action * * * the federal common law of privilege controls. F.R.Evid. 501. This court has held that personnel files are discoverable in federal question cases, including Title VII cases, despite claims of privilege [citations omitted].

*Id.*

For the foregoing reasons, this court hereby ORDERS the County of San Benito to comply with the three administrative subpoe-

**292**

nas issued by the Commission. Furthermore, although the court recognizes the County's concern about an invasion of Sergeant Zazueta's privacy interests through unauthorized release of information, the court **DECLINES** to issue a protective order mandating that the Commission not distribute or divulge the information sought in the subpoenas. The Equal Employment Opportunity Commission is under a statutory mandate to maintain the confidentiality of any information obtained by it in connection with an investigation. 42 USC § 2000e–8(e). The court finds that this statute affords Sergeant Zazueta sufficient protection.

### IV.

The court, however, will not award costs and attorney's fees incurred by the Commission for bringing this application. The County's refusal to comply with the subpoenas is based on California state law protecting peace officer personnel information and does not appear to be based on an attempt to delay or frustrate the Commission's investigation. Moreover, the court has found that the County has made significant efforts to cooperate with the Commission in its investigation. Accordingly, the Commission's request for costs and attorney's fees is hereby **DENIED.**

IT IS SO ORDERED.