JUSTICE HOOD
delivered the Opinion of the Court.
¶1 This original proceeding involves a discovery dispute between plaintiff Stephen Rumnoek and defendant American Family Mutual Insurance Company (“American Family”). After being ordered to produce documents that Rumnoek had requested, American Family disclosed some of the documents but almost simultaneously moved for a protective order. The motion sought to preclude Rumnoek from using or disclosing the documents—alleged to be trade secrets—outside of this litigation. The trial court granted the motion in part and denied it in part, ordering that the alleged trade secrets not be shared with American Family’s competitors but declining to further limit their use.
¶2 American Family petitioned this court under C.A.R. 21 to direct the trial court to enter a protective order limiting the use and disclosure of the documents to the needs of this litigation. American Family asserted the existing protective order was insufficient because it would allow Rumnoek to share the alleged trade secrets with non-competitor third parties, who could in turn share them with American Family’s competitors. We issued our rule to show cause.
¶3 We now discharge our rule because American Family failed to present to the trial court evidence demonstrating the documents are trade secrets or otherwise confidential commercial information.
I. Facts and Procedural History
¶4 An uninsured driver crashed into Rum-nock’s company car, injuring him. Rumnoek brought negligence claims against the driver and uninsured/underinsured motorist claims against his insurers, including American Family. American Family opposed Rum-nock’s efforts to recover under the policy but eventually paid him the policy limits. He then amended his complaint to add bad-faith and abuse-of-process claims against American Family, alleging unreasonable litigation conduct.
¶5 Rumnoek requested that American Family produce documents showing, among other things, its procedures, policies, and guidelines for handling uninsured motorist claims. American Family’s responses were due September 10, 2015. Rumnoek emailed American Family regarding the discovery requests on September 2, 11, 23, and 25, but American Family did not respond or seek an extension or protective order. Rumnoek requested a discovery hearing, and on October •8 the court scheduled a hearing for October 29. Rumnoek- continued to email American Family requesting discovery responses up to the morning of the October 29 hearing.
¶6 When the hearing was held—seven weeks after American Family’s discovery responses had been due—American Family still had not responded or requested an ex *1264 tension or protective order. The trial court awarded. Rumnoek attorney fees, ordered American Family to “respond fully, .completely and responsibly to the pending discovery” by the “close of business on November 6th,” and ruled, “All objections are waived.”
¶7 At 5:06 p.m. on November 6th, American Family disclosed some of the requested documents; two hours later, it filed a motion for a protective order. The motion asserted the internal documents governing claims handling were trade secrets and sought to limit their use and disclosure to the needs of the current litigation.[1]
¶8 The trial court conducted another discovery hearing, at which American Family asserted the claims-handling materials were proprietary and stressed that the requested protective order would only limit use or disclosure beyond the current litigation. Neither party presented evidence at the hearing.
¶9 The court ordered Rumnoek not to share the alleged trade secrets with American Family’s competitors but refused to order the broader limitations American Family had requested. It reasoned that granting the full protection sought would be inconsistent with its earlier order imposing discovery sanctions against American Family.
II. Analysis
¶10 The trial court partially denied American Family’s request for a protective order because it determined its previous discovery order had limited American Family’s ability to seek a protective order.[2] American Family now challenges that determination. We conclude that, even if the court had fully considered the merits of American Family’s request, American Family could not have prevailed because it failed to present evidence that- the documents allegedly in need of protection as trade secrets were, in fact, trade secrets or otherwise confidential commercial information.
¶11 The party opposing discovery bears the burden of proving the need for a protective order. Williams v. Dist. Court, 866 P.2d 908, 912 (Colo. 1993). This generally means showing “good cause” for a protective order. See C.R.C.P. 26(c). But when the protective request concerns allegedly confidential commercial information, the court must first determine whether “the information requested is a trade secret or other confidential information.” Direct Sales Tire Co. v. Dist. Court, 686 P.2d 1316, 1319 n.5 (Colo. 1984) (emphasis added); see C.R.C.P. 26(c)(7); cf. Centurion Indus., Inc, v. Warren Steurer & Assocs., 665 F.2d 323, 325 (10th Cir. 1981) (“To resist discovery under [analogous Federal] Rule 26(c)(7), a person must first establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful.”) (footnote omitted); 8A Charles Allen Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2043 (3d ed. 2010) (“It is for the party resisting discovery to establish, in the first instance, that the information sought is within this provision of the rule.”).
¶12 Whether a particular piece of information is confidential commercial information is a question of fact to be determined by the trial court. See Gognat v. Ellsworth, 259 P.3d 497, 502 (Colo. 2011) (“[T]he nature of any particular piece of proprietary information ... may be heavily dependent on scientific or historical facts.... ”); Saturn Sys., Inc. v. Militare, 252 P.3d 516, 521 (Colo. App. 2011) (“What constitutes a trade secret is a question of fact for the trial court.”). Where there is no genuine dispute of fact, however, we may decide as a matter of law whether the information is a trade secret or otherwise confidential. See, e.g., Gognat, 259 *1265 P.3d at 505 (ruling as a matter of law on undisputed facts that proprietary information constituted a single trade secret).
¶13 Here, American Family had the burden to establish the need for the protective order, yet it tendered no evidence from which the court could have determined that the documents actually are trade secrets[3] or otherwise confidential, What few documents American Family affixed to its pleadings regarding the motion—Rumnoek’s requests for production, American Family’s responses to Rumnock’s discovery requests, and an email chain—shed no light on whether the documents were confidential. American Family failed to present any affidavits or testimony or submit the alleged trade-secret documents under seal for in-camera review.[4] In fact, the only evidence presented to the court bearing on whether the documents were confidential—a deposition excerpt provided by Rum-nock—indicated they were not confidential.
¶14 To the extent American Family suggests it had insufficient opportunity to present evidence of trade secrets at the hearing, we disagree. Although the trial court announced before any argument that it was “leaning” towards determining American Family had waived its ability to seek a protective order for trade secrets, it allowed American Family “to make a further argument about the proprietary information ... to lean [the court in] a different direction.” At that point American Family could have sought to introduce evidence or made an offer of proof, see C.R.E. 103(a)(2), but it did neither. Further, American Family had already passed up the opportunity to attach an affidavit to its pleadings leading up to the hearing.
III. Conclusion
¶15 Because American Family failed to show that the alleged trade secrets were, in fact, trade secrets or otherwise confidential commercial information, we affirm the trial court’s partial denial of American Family’s request for a protective order. And though American Family’s petition was unsuccessful, we conclude it was not frivolous, so we deny Rumnock’s request for attorney fees. We discharge our rule to show cause and remand the case to the trial court for further proceedings.
JUSTICE COATS dissents, and JUSTICE EID joins in the dissent.

. The motion also sought to protect confidential information about individual employees. Rum-nock agreed, and the trial court ordered, that Rumnoek would not use or disclose the individual-employee information other than as necessary for this litigation. American Family does not challenge this portion of the order.

. We cannot discern from the record whether the trial court determined American Family forfeited the opportunity to seek a protective order by waiver, by sanction, or by some combination of the two. For purposes of our analysis, the distinction is irrelevant. To be clear, we do not address whether a party may be deemed to have waived the right to seek a protective order by failing to timely object to a request for production of documents.

. The rules of discovery do not -define "trade secret,” but the, term is defined in statutes, see § 7-74-102(4), C.R.S. (2016) ("‘Trade secret' means the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, improvement, confidential business or financial information, listing of names, addresses, or telephone numbers, or other information relating to any business or profession which is secret and of value. To be a 'trade secret’ the owner thereof must have taken measures to prevent the secret from becoming available to persons other than those selected by the owner to have access thereto for limited purposes.”); § 18-4-408(d), C.R.S. (2016) (same), and in the common law, see Julius Hyman & Co. v. Velsicol Corp., 123 Colo. 563, 233 P.2d 977, 999 (1951) ("Generally it may be said that a trade secret is any plan or process known only to its owner, and those of his employees to whom it is necessary to confide it.”). Under any definition of trade secret, American Family's showing falls short.

. American Family filed an affidavit as an exhibit to its petition to this court. That affidavit was not filed in the trial court. Consequently, we ignore it. See Panos Inv. Co. v. Dist. Court, 662 P.2d 180, 182 (Colo. 1983) ("[W]e will not consider issues and evidence presented for the first time in original proceedings.”).