In re David J. CANTRELL, Plaintiff

v.

William R. CAMERON, Defendant.

No. 08SA162.

Supreme Court of Colorado,
En Banc.

Nov. 3, 2008.

Feldmann, Nagel & Associates, LLC, George H. Brauchler, Steamboat Springs, Colorado, Attorney for Plaintiff.

Grund, Dagner & Nelson, P.C., Deana R. Dagner, Benjamin P. Swartzendruber, Denver, Colorado, Attorneys for Defendant.

Justice RICE delivered the Opinion of the Court.

This original proceeding arises out of a traffic accident in which Respondent, David J. Cantrell, suffered serious bodily injury. Cantrell alleges that Petitioner William R. Cameron's negligence caused the accident, as Cameron's laptop computer was lying open on the passenger seat of his vehicle at the time of the accident. Cameron denies he was using the laptop when the accident occurred and seeks reversal of the Jefferson County District Court's order requiring him to produce his laptop for inspection. Cameron argues that the court should have instead granted his request for a protective order to limit the scope of the inspection that is to be allowed on the laptop.

We issued a rule to show cause to Cantrell and we now make that rule absolute, holding that the trial court should have issued a protective order to limit the scope of the inspection to information necessary to determine whether the laptop contributed to the traffic accident.

## I. Facts and Procedural History

The accident occurred on April 5, 2007. In the fall of 2007, Cantrell asked to inspect Cameron's laptop for evidence that the laptop was in use at the time of the accident. Cameron agreed to a limited inspection but would not produce the laptop until the parties agreed in writing on the inspection's scope. The parties were unable to agree, with Cameron insisting on an inspection limited to the time of the accident, and Cantrell requesting a broader search to confirm that there had been no subsequent manipulation of the hard drive.

In January 2008, Cantrell sought a court order requiring Cameron to produce the laptop. Cameron responded by requesting a protective order to shield confidential information contained on the laptop, including privileged attorney-client communications and "private and business proprietary information." Cameron also requested a hearing at which the parties' respective computer forensic experts could offer testimony on the scope of inspection necessary to determine whether the laptop contributed to the accident.

In March, the trial court granted Cantrell's motion to produce the laptop and denied Cameron's motion for a protective order. The court did not address any parameters for the laptop inspection. Cameron then filed a Petition to Show Cause in this court.

Under C.A.R. 21, when a trial court ruling is challenged and appellate review would not be a plain, speedy, and adequate remedy, this court may invoke its original jurisdiction. *Weaver Constr. Co. v. Dist. Court*, 190 Colo. 227, 230, 545 P.2d 1042, 1044 (1976). In this case, should the trial court's order result in wrongful access to Cameron's privileged and private information, the damage could not be cured on appeal. We therefore exercise our original jurisdiction under C.A.R. 21.

## II. Analysis

When the right to privacy or confidentiality is invoked, as it is here, to prevent discovery of personal materials or information, the trial court must balance "an individual's right to keep personal information private with the general policy in favor of broad disclosure." *Stone v. State Farm Mut. Auto. Ins. Co.*, 185 P.3d 150, 155 (Colo.2008). In pursuit of this balance, courts generally conduct a three-part inquiry, set out in *Martinelli v. District Court*, 199 Colo. 163, 174, 612 P.2d 1083, 1091 (1980). Under *Martinelli*, the court must consider, (1) whether the individual has a legitimate expectation of nondisclosure; (2) whether disclosure is nonetheless required to serve a compelling state interest; and (3) where a compelling state interest necessitates disclosure of otherwise protected information, how disclosure may occur in a manner which is least intrusive with respect to the right to confidentiality. *Id.* It must be apparent from the order compelling discovery that the trial court conducted the foregoing test. *Corbetta v. Albertson's, Inc.*, 975 P.2d 718, 721 (Colo.1999).

We recently held that the *Martinelli* three-pronged test is not the appropriate inquiry in every case, rejecting its applicability in the context of the discovery of tax returns. *Stone*, 185 P.3d at 156. In *Stone*, we noted that the first prong of *Martinelli*—establishing a legitimate expectation of confidentiality—is satisfied in cases involving tax returns, the confidentiality of which the state and federal governments protect as a matter of general policy. *Id.* at 158–59. We also asserted that the second prong of *Martinelli*—examining the nature of the state interest involved—is not applicable in cases where a private party is seeking disclosure of another private party's information.[1] *Id.* However, we recognized that the court has applied the *Martinelli* test in a number of cases where a state actor was not involved. *Stone*, 185 P.3d at 157 (citing *Corbetta*, 975 P.2d at 720–21; *Williams v. Dist. Court*, 866 P.2d 908, 912–13 (Colo.1993)). We concluded in *Stone* that *Martinelli* provides the appropriate inquiry in cases either "involving a state interest or seeking discovery of materials that may or may not violate an individual's legitimate expectation of confidentiality." *Id.* at 158.

■ Here, we note that personal computers may contain a great deal of confidential data. Computers today touch on all aspects of daily life. As one commentator observed, "they are postal services, playgrounds, jukeboxes, dating services, movie theaters, daily planners, shopping malls, personal secretaries, virtual diaries, and more . . . ." Orin S. Kerr, *Searches and Seizures in a Digital World*, 119 Harv. L.Rev. 531, 569 (2005). Very often computers contain intimate, confidential information about a person. *See, e.g.*, *United States v. Andrus*, 483 F.3d 711, 718 (10th Cir.2007) ("A personal computer is often a repository for private information the computer's owner does not intend to share with others."); *United States v. Gourde*, 440 F.3d 1065, 1077 (9th Cir.2006) (en banc) (Kleinfeld, J., dissenting) ("[F]or most people, their computers are their most private spaces."). When the right to confidentiality is invoked, discovery of personal computer information thus requires serious consideration of a person's privacy interests.

■ However, we conclude that, unlike the contents of tax returns, a personal computer's contents are not confidential by nature. This is evident in the case at hand, where only the fact of the computer's use is to be discovered, not the computer's substantive data. Here, calibrating the proper balance between personal privacy and the interest in broad discovery necessitates a close look at the nature of the information that is to be disclosed, thus placing the first prong of the *Martinelli* test squarely at issue. We therefore hold that the *Martinelli* test is the appropriate inquiry in this case.

Both parties agree that the scope of discovery related to Cameron's laptop should be limited to information needed to ascertain whether the laptop was in use at the time of the accident. Although Cantrell rejected the particular restrictions proposed by Cameron, Cantrell's motion to compel production of the laptop included alternative recommendations from his computer forensic expert on how to exclude Cameron's privileged communications from the inspection. The expert recommendations also addressed protections for Cameron's "proprietary and intellectual information."

■ Nonetheless, the trial court declined to incorporate any restrictions in its order, simply directing Cameron to produce the laptop for inspection. The trial court neglected to apply the *Martinelli* balancing test and made no findings on how disclosure might occur in a manner least intrusive to Cameron's privacy interests. We thus vacate the court's order compelling production and direct the court to issue a protective order limiting the scope of the laptop inspection. To the extent the parties cannot agree on the parameters of the inspection, we direct the court to hold a hearing to assess the scope necessary to determine whether the laptop contributed to the accident.

---

1. *Martinelli* involved a private party's ability to compel disclosure of police department personnel files. 199 Colo. at 167, 612 P.2d at 1086.

### III. Conclusion

We conclude that the trial court abused its discretion in ordering Cameron to produce his laptop for inspection without establishing parameters to balance the truth-seeking purpose of discovery with the privacy interests at stake in this case. We make the rule absolute and remand the case for proceedings consistent with this opinion.