2013 CO 25

**In re GATEWAY LOGISTICS, INC. and Gateway Freight Solutions, Inc., Plaintiffs**

**v.**

**Christopher Patrick SMAY; Republic Cargo, a Colorado Corporation; and Republic Freight, L.L.C., a Colorado Corporation, Defendants**

**Supreme Court Case No. 12SA287**

Supreme Court of Colorado.

April 15, 2013

Attorneys for Plaintiffs: Baird Quinn LLC, J. Mark Baird, Beth Doherty Quinn, Denver, Colorado

Attorneys for Defendants: Hall & Evans, L.L.C., Darin J. Lang, Jeanne C. Baak, Denver, Colorado

CHIEF JUSTICE BENDER delivered the Opinion of the Court.

¶1 In this original proceeding brought under C.A.R. 21, we review the trial court's order granting the plaintiffs' motion to compel discovery.

¶2 In this case involving breach of fiduciary duty and misappropriation of trade secrets claims, the plaintiffs sought to inspect personal and business computers, smartphones, and other electronic storage devices belonging to the lead defendant and his wife, who is not a party to the case. The plaintiffs

also requested discovery of approximately three years of the defendants' telephone records. After the defendants refused to permit inspection of the computers, smartphones, and other electronic storage devices or to produce the telephone records, the plaintiffs filed a motion to compel. Over the defendants' objection on privacy grounds and in a brief order concerning this and other discovery matters, the trial court granted the plaintiffs' motion and ordered the defendants to permit inspection of the requested computers, smartphones, and other electronic storage devices, and to produce the requested telephone records. The trial court also awarded attorneys' fees associated with the discovery dispute to the plaintiffs.

¶ 3 Our review of the trial court's order and of the record in this case leads us to conclude that the trial court abused its discretion by failing to make findings of fact balancing the defendants' privacy interest with the plaintiffs' need for the information sought as required by *In re District Court*, 256 P.3d 687, 691–92 (Colo.2011). That case requires a trial court, when a party asserts a valid privacy interest, to determine whether the information is relevant, whether there exists a compelling need for the information and, if there is, whether that information can be obtained elsewhere. If the requesting party has a compelling need for the information, the trial court must determine the least intrusive means to obtain the information before granting a motion to compel. *See id.* at 692. Accordingly, we make the rule absolute and vacate that portion of the trial court's order compelling the defendants to permit inspection of the requested computers and electronic storage devices and to produce the requested telephone records. We re-

mand this case to the trial court to make findings of fact under the *In re District Court* balancing test and to incorporate those findings in its order. On remand, the trial court may hear additional argument and take additional evidence as it deems necessary in its discretion.

## I. Facts and Procedural History

¶ 4 Defendant Christopher Smay worked for two related transportation and logistics companies, the plaintiffs in this case. In July 2010, Smay resigned and started two competing transportation companies, defendants Republic Cargo and Republic Freight, LLC. Alleging that Smay had contacted their customers before he resigned in an attempt to take the customers to his new businesses and that he had taken documents including the plaintiffs' price lists and customer contact information, the plaintiffs sued Smay for breach of loyalty, breach of fiduciary duty, and misappropriation of trade secrets.

¶ 5 As part of their discovery requests, the plaintiffs sought to inspect Smay's personal and business computers and any other electronic storage devices belonging to or used by him since July 1, 2010, including smartphones, tablets, USB drives, and floppy disks.[1] The plaintiffs also sought to inspect Smay's wife's computers and electronic storage devices.[2] The defendants objected to these discovery requests on privacy grounds and did not provide the requested computers, smartphones, or other electronic storage devices for inspection.

¶ 6 In a further effort to obtain this electronically stored information, the plaintiffs' counsel suggested that the defendants permit the plaintiffs' computer expert to image[3] five

---

1. *Request For Inspection No. 1:* Make all personal computers, business computers, laptop computers, servers, hard drives, CDs, DVDs, USB drives, thumb drives, memory sticks, floppy disks or any other portable data storage device, including but not limited to BlackBerries, ipods, ipads and iphones [sic] which may contain contact lists or other documents, belonging to Christopher Smay or which Christopher Smay used between July 1, 2010 and the present, available for inspection, copying, and/or testing by Plaintiff.

2. *Request For Inspection No. 2:* In addition to computers or computer related devices that

Plaintiff has requested to inspect in Request for Inspection No. 1 (first set of discovery), make all computer and computer related devices owned and operated by any Defendant or [wife] (which should be identified in response to Interrogatory No. 14), available for inspection, copying and/or testing by Plaintiff. To the extent any of the devices listed on Exhibit A at any time were used by or belonged to any Defendant or [wife], those devices should be produced for inspection.

3. Forensic imaging makes an exact copy of a computer hard drive without destroying the original hard drive. A computer expert can search

computers and a smartphone that had been previously identified by the defendants. The plaintiffs' counsel offered to have their expert conduct a keyword search to filter out any personal private information belonging to Smay or his wife, stating that their expert would not forward any such information to the plaintiffs. The court had previously entered a protective order requiring the parties to keep trade secrets and other proprietary business information confidential. Defendants refused to consent to any imaging and did not propose an alternative plan for inspection. No agreement to inspect the defendants' electronically stored information was reached. In addition to seeking this electronically stored information, the plaintiffs also sought production of the defendants' telephone records for roughly three years,[4] which the defendants likewise objected to on privacy grounds and did not produce.

¶ 7 In response to the plaintiffs' motion to compel, the defendants argued that Smay and his wife had a personal privacy interest in the requested computers, smartphones, and other electronic storage devices, and the defendants had a personal privacy interest in the requested telephone records. The defendants also contended that because Smay's wife was not a party to the case, her computers and other electronic storage devices were not discoverable.

¶ 8 The trial court did not hold a hearing on the motion to compel and granted the motion in a brief order concerning this and other discovery matters. The trial court directed the defendants to permit the plaintiffs to inspect the requested computers, smartphones, and electronic storage devices and to produce the requested telephone records. The order reads in pertinent part, "Plaintiff's Motion to Compel is GRANTED" and directs the defendants "to the best of their ability ... produce documents responsive to Request for Production [No.] 10; and permit inspections as in Request for Inspection Nos. 1 and 2." [5] The court undertook no additional analysis.

¶ 9 The defendants then petitioned this court under C.A.R. 21 to review the trial court's order. We granted the petition and issued the rule to show cause.

## II. Preliminary Matters

¶ 10 Before turning to the substance of our analysis, we must first address whether it is appropriate for us to exercise our original jurisdiction here. If so, we must then determine the appropriate standard of review.

### Original Jurisdiction

¶ 11 This court may exercise its original jurisdiction "to review whether a trial court abused its discretion in circumstances where a remedy on appeal would be inadequate." *Weil v. Dillon Cos.*, 109 P.3d 127, 129 (Colo.2005). Although discovery orders are generally only reviewable on appeal, this court has exercised its original jurisdiction and reviewed discovery orders "where a gross abuse of discretion is shown and damage to the petitioners could not be cured by appeal." *Phillips v. Dist. Court*, 194 Colo. 455, 457, 573 P.2d 553, 555 (1978); *see also Cantrell v. Cameron*, 195 P.3d 659, 660 (Colo. 2008) (reviewing order compelling production of laptop computer); *Stone v. State Farm Mut. Auto. Ins. Co.*, 185 P.3d 150, 155 (Colo.

---

the image as if it were the computer without depriving the computer's owner of his or her machine. "A 'mirror image' is generally described as 'a forensic duplicate, which replicates bit for bit, sector for sector, all allocated and unallocated space, including slack space, on a computer hard drive.'" *Balboa Threadworks, Inc. v. Stucky*, 05–1157–JTM–DWB, 2006 WL 763668, at *3 (D.Kan. Mar. 24, 2006) (quoting *Commc'ns Ctr., Inc. v. Hewitt*, Civ.S–03–1968 WBS KJ, 2005 WL 3277983, at *1 (E.D.Cal. Apr. 5, 2005)).

**4.** *Request for Production No. 10:* For the time period July 1, 2010 through the present, produce all copies of telephone bills, whether land-line or cellular phone, or other telephone service, for any telephone or telephone service used by any Defendant between January 1, 2010 and the present.

**5.** The plaintiffs argue that the trial court's order implicitly incorporated the limiting protocol that the plaintiffs' counsel suggested and thus limited the scope of the discovery they seek. Our review of the record suggests otherwise. The trial court's order did not mention any restrictions and directed the defendants to produce all of Smay's and his wife's electronically stored information.

2008) (reviewing order compelling production of tax returns).

¶ 12 Here, the trial court's order directs the defendants to permit inspection of the requested computers, smartphones, and other electronic storage devices, and to produce three years of telephone records without any analysis of whether these items or records contain information to which Smay, his wife, and the defendants have a right to privacy. Should these items or records contain such information, any damage to the defendants could not be cured on appeal because the damage would occur upon disclosure to the plaintiffs "regardless of the ultimate outcome of any appeal from a final judgment." *Johnson v. Trujillo*, 977 P.2d 152, 154 (Colo.1999) (internal quotation marks omitted) (exercising original jurisdiction to review a trial court order to disclose psychiatric records). We therefore conclude that it is proper to exercise our original jurisdiction, and we proceed with our analysis.

### Standard of Review

¶ 13 Motions to compel discovery are "committed to the discretion of the trial court." *Corbetta v. Albertson's, Inc.*, 975 P.2d 718, 720 (Colo.1999). This discretion is in line with the "truth-seeking purpose" of the discovery rules, which we construe liberally. *Id.* We thus review a trial court's order on discovery for an abuse of discretion. *Id.*; *Stone*, 185 P.3d at 155. A trial court abuses its discretion if its decision is "manifestly unreasonable, arbitrary, or unfair." *Freedom Colo. Info., Inc. v. El Paso Cnty. Sheriff's Dep't*, 196 P.3d 892, 899 (Colo.2008). In cases like this, where a party has asserted a right to privacy in the information being sought through discovery, "[w]e have repeatedly held that it must be apparent from the order that the trial court performed the required balancing test." *In re Dist. Court*, 256 P.3d at 692. If the trial court fails to make such findings, then it has abused its discretion. *See id.*

### III. Applicable Law

¶ 14 To examine the trial court's order in this case, we review our law on discovery where a party—or a nonparty—asserts a personal privacy interest.[6]

¶ 15 The scope of discovery is "very broad." *Corbetta*, 975 P.2d at 720. Parties may obtain discovery regarding "any matter, not privileged, that is relevant to the claim or defense of any party." C.R.C.P. 26(b)(1). The information sought "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Nevertheless, parties do not have an unlimited right to discovery of all available information. *Stone*, 185 P.3d at 155. When a party invokes the right to confidentiality or privacy, the trial court must balance the policy in favor of broad disclosure with the individual's right to keep personal information private. *Martinelli v. Dist. Court*, 199 Colo. 163, 174–75, 612 P.2d 1083, 1091–92 (1980); *Stone*, 185 P.3d at 155; *Cantrell*, 195 P.3d at 660. Under our balancing test, the trial court must require the requesting party to prove that it has a compelling need for the information, that the information being sought is not available from other sources, and that it is using the least intrusive means to obtain the information:

> The party requesting the information must always first prove that the information requested is relevant to the subject of the action. Next, the party opposing the discovery request must show that it has a legitimate expectation that the requested materials or information is confidential and will not be disclosed. If the trial court determines that there is a legitimate expectation of privacy in the materials or information, the requesting party must prove either that disclosure is required to serve a compelling state interest or that there is a compelling need for the information. If the requesting party is successful in proving one of these two elements, it must then also show that the information

---

**6.** Our caselaw on privacy interests asserted during discovery uses the terms "privacy" and "confidentiality" interchangeably. *See, e.g., Stone,*

185 P.3d at 155; *Martinelli*, 199 Colo. at 173–74, 612 P.2d at 1091.

is not available from other sources. Lastly, if the information is available from other sources, the requesting party must prove that it is using the least intrusive means to obtain the information. *In re Dist. Court,* 256 P.3d at 691–92. The trial court's findings of fact under these factors must be apparent from its order. *In re Dist. Court,* 256 P.3d at 692; *Cantrell,* 195 P.3d at 660; *Stone,* 185 P.3d at 160–61; *Corbetta,* 975 P.2d at 721.

¶ 16 We have applied this type of balancing test a number of times to different kinds of information. *See In re Dist. Court,* 256 P.3d at 692 (holding privacy interest in lawyer's salary and his law firm's method of computing that salary); *Cantrell,* 195 P.3d at 661 (holding privacy interest in party's computer); *Stone,* 185 P.3d at 158 (holding privacy interest in tax returns); *Corbetta,* 975 P.2d at 720–21 (holding privacy interest in grocery store employees' personnel records); *Williams v. Dist. Court,* 866 P.2d 908, 912 (Colo.1993) (holding privacy interest in party's sexual history); *Martinelli,* 199 Colo. at 167–68, 612 P.2d at 1086–87 (holding privacy interest in police personnel files). Although we have not applied this type of balancing test to telephone records, we have held that a telephone subscriber has an expectation that the phone numbers she dials will be private.[7]

¶ 17 We have not considered how a nonparty's assertion of a privacy interest fits into this type of balancing test,[8] but federal authorities have. Those authorities consider a person's nonparty status as a factor that weighs against disclosure because the nonparty does not have an interest in the outcome of the litigation. *Katz v. Batavia Marine & Sporting Supplies, Inc.,* 984 F.2d 422, 424 (Fed.Cir.1993).[9] This makes sense because a nonparty lacks the expectation of being required to turn information over to an opposing party. Accordingly, we find the reasoning of the federal cases persuasive.

## IV. Application

¶ 18 Keeping these principles in mind, we now turn to the trial court's order in this case. Here, the plaintiffs issued broad requests for inspection of personal and business computers, smartphones, and other electronic storage devices belonging to Smay and his wife, and for production of three years of the defendants' telephone records. Because the defendants, Smay, and his wife have asserted a valid right to privacy in these items and records, the trial court should have given these discovery requests special consideration by balancing the factors set forth in *In re District Court.*

¶ 19 As we have previously held, individuals have a privacy interest in their electronically stored information, including personal correspondence and records, on their computers, smartphones, and other electronic storage devices. *See.Cantrell,* 195 P.3d at 661 (holding that a party had a

---

7. *See People v. Sporleder,* 666 P.2d 135, 141 (Colo.1983) (holding that the installation of a pen register without a warrant was an illegal search under article II, section 7 of the Colorado Constitution because a telephone subscriber's disclosure of the numbers she dialed to the third-party telephone company did not mean the subscriber expected the numbers to be disclosed to the government); *People v. Corr,* 682 P.2d 20, 27 (Colo.1984) (extending *Sporleder's* holding to telephone records showing individually billed calls); *see also Denver Post Corp. v. Ritter,* 255 P.3d 1083, 1093 (Colo.2011) (holding that the governor's cell phone records of business calls were private documents, not public records subject to disclosure under the Colorado Open Records Act); *People v. Gutierrez,* 222 P.3d 925, 932–33 (Colo.2009) (holding that a taxpayer did not lose his expectation of privacy in his tax returns because he disclosed them to a third-party tax preparer).

8. We twice addressed nonparty discovery covered by a statutory privilege and denied motions to compel the discovery. *See DeSantis v. Simon,* 209 P.3d 1069, 1076 (Colo.2009) (nonparty medical records covered by the doctor-patient privilege); *In re Atty. D,* 57 P.3d 395, 401 (Colo.2002) (nonparty attorney's files covered by the attorney-client privilege)

9. *See also Am. Standard, Inc. v. Pfizer, Inc.,* 828 F.2d 734, 738 (Fed.Cir.1987); *Spacecon Specialty Contractors, LLC v. Bensinger,* 09–CV–02080–REB–KLM, 2010 WL 3927783, at *3 (D.Colo. Oct. 1, 2010); *Echostar Commc'ns Corp. v. News Corp.,* 180 F.R.D. 391, 394 (D.Colo.1998); 7 *Moore's Federal Practice* § 37.22[2][d] (Matthew Bender 3d ed. 2013).

privacy interest in a personal computer).[10] Individuals also have a personal privacy interest in the telephone numbers they dial. *See Sporleder*, 666 P.2d at 141 (holding pen register installation illegal under article II, section 7 of the Colorado Constitution); *Corr*, 682 P.2d at 27 (extending that holding to telephone records showing individually billed calls). Thus, the defendants' alleged rights to privacy asserted in this case trigger the *In re District Court* balancing test. We also conclude that the trial court should take Smay's wife's status as a nonparty into consideration as a factor weighing against disclosure when applying the *In re District Court* balancing test to the plaintiffs' request to inspect her computers and other electronic storage devices.

¶ 20 The trial court's brief order does not reflect that the *In re District Court* balancing test was applied. The trial court did not take into account Smay's wife's nonparty status, which we have determined weighs against the disclosure of her information. Because it is not apparent that the trial court considered the required balancing test set forth by *In re District Court*, we conclude that the trial court abused its discretion. We therefore vacate that part of the order compelling the defendants to permit inspection of the requested computers, smartphones, and other electronic storage devices and to produce the requested telephone records. We remand this case to the trial court to make findings of fact under the *In re District Court* balancing test. On remand, the trial court may hear additional argument and take additional evidence as it deems necessary in its discretion.

### V. Conclusion

¶ 21 For the reasons stated above, we make the rule absolute, vacate that portion of the trial court's order concerning the discovery requests at issue, and remand this case

to the trial court for proceedings consistent with this opinion.

---

10. Computers now play an "ever greater" role in daily life and serve as repositories for increasingly more and different kinds of information. *See* Orin S. Kerr, *Searches and Seizures in a Digital World*, 119 Harv. L.Rev. 531, 569 (2005); *see also United States v. Andrus*, 483 F.3d 711, 718 (10th Cir.2007) ("A personal computer is often a repository for private information the computer's owner does not intend to share with others").

Smartphones and tablets such as those the plaintiffs seek to inspect here contain similarly private information. *See* Adam M. Gershowitz, *The iPhone Meets the Fourth Amendment*, 56 UCLA L.Rev. 27, 41–42 (2008) (explaining that the iPhone, in addition to the "text messages, contact information, and call histories" found on conventional cell phones, stores music, books, photos, and videos).