23CA2090 Nash v Independence House 10-31-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA2090
City and County of Denver District Court No. 22CV32874
Honorable Andrew J. Luxen, Judge

---

Sean Nash,

Plaintiff-Appellant,

v.

Independence House – South Federal and RRK Enterprises Inc.,

Defendants-Appellees.

---

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE DUNN
Navarro and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 31, 2024

---

Sean Nash, Pro Se

Hall Booth Smith, P.C., Rodrigo Lugo, Greenwood Village, Colorado, for
Defendants-Appellees

¶ 1    In this personal injury dispute, plaintiff, Sean Nash, appeals the district court's order granting summary judgment in favor of defendants, RRK Enterprises, Inc. and Independence House – South Federal (collectively, Independence House).  We affirm.

## I.    Background

¶ 2    According to the complaint, while living at Independence House, Nash "lost his footing" on a stairway and sprained his ankle. Through counsel, Nash filed this lawsuit, asserting claims for negligence and violation of the Premises Liability Act (PLA).

¶ 3    Some months later, Independence House moved for summary judgment.  As to the PLA, Independence House argued that Nash was either a licensee or trespasser because he had no permission to use the fire escape staircase where he was injured.  In support of its motion, Independence House submitted a declaration from its program director stating, among other things, that (1) Nash twisted his ankle on a "fire escape staircase" that "was clearly marked for emergency use only"; (2) residents "were advised that they should not use the fire escape and should instead" use the interior staircase; and (3) before Nash's fall, no resident or staff member had reported any concerns regarding the staircase.

1

¶ 4     Nash — now representing himself — responded by raising various disclosure and discovery complaints.  Nash didn't, however, submit a declaration or other admissible evidence in response to the motion for summary judgment.

¶ 5     The district court granted the motion for summary judgment. It determined that the negligence claim is precluded by the PLA; that Nash was either a licensee or a trespasser; and that Nash had not presented any evidence that Independence House acted willfully or deliberately, or that it either knew or had notice of any dangerous condition.  Thus, the court concluded no genuine dispute of material fact existed that precluded summary judgment.

## II.     Analysis

¶ 6     Nash appeals the order granting summary judgment.  We address his contentions as best we understand them.

## A.     Summary Judgment

¶ 7     We review de novo an order granting summary judgment. *Poudre Sch. Dist. R-1 v. Stanczyk*, 2021 CO 57, ¶ 12.  Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c).

¶ 8    At the summary judgment stage, "[t]he moving party bears the initial burden of showing no genuine issue of material fact exists." *Westin Operator, LLC v. Groh*, 2015 CO 25, ¶ 20. Once this burden is met, the nonmoving party must "establish a triable issue of fact." *Id.* The nonmoving party may not rest on the allegations made in the pleadings but instead must provide facts "by affidavit or otherwise" to show there is a triable issue. *Han Ye Lee v. Colo. Times, Inc.*, 222 P.3d 957, 960 (Colo. App. 2009). And pro se parties are bound by the same laws and procedural rules that apply to attorneys. *See Cornelius v. River Ridge Ranch Landowners Ass'n*, 202 P.3d 564, 572 (Colo. 2009).

¶ 9    The PLA provides the exclusive remedy against a landowner for injuries sustained on the landowner's property, preempting common law negligence claims. *Tancrede v. Freund*, 2017 COA 36, ¶¶ 9-10. Under the PLA, a landowner's duty of care depends on an individual's status. *Vigil v. Franklin*, 103 P.3d 322, 326 (Colo. 2004); *see also* § 13-21-115(2)(c)(I), C.R.S. 2024. A licensee may recover damages caused by "the landowner's unreasonable failure to exercise reasonable care with respect to dangers created by the landowner that the landowner actually knew about." § 13-21-

115(4)(b)(I).  And a trespasser may recover only for damages willfully or deliberately caused by the landowner.  § 13-21-115(4)(a).

¶ 10     Nash doesn't argue that the district court erred by concluding that the PLA preempts common law negligence claims or that he was a licensee or a trespasser.  Nor does he point to any admissible evidence that suggests either that Independence House acted willfully or deliberately or that it had actual or constructive notice of any dangerous condition on the fire escape staircase.  *See Casey v. Christie Lodge Owners Ass'n*, 923 P.2d 365, 366-67 (Colo. App. 1996) (affirming summary judgment for landowner on PLA claim where plaintiff presented no evidence about landowner's knowledge of the dangerous condition).  Thus, we conclude the district court didn't err by granting summary judgment in favor of Independence House on Nash's PLA claim.

### B.     Disclosures and Discovery

¶ 11     Before summary judgment entered, Nash raised various concerns that Independence House had not complied with its disclosure and discovery obligations.  Though Nash never moved to compel discovery, the court addressed his concerns at a status

4

conference and found that Independence House had complied with its disclosure obligations under C.R.C.P. 26.

¶ 12 Discovery rulings are committed to the district court's discretion and will not be disturbed absent an abuse of that discretion. *Gateway Logistics, Inc. v. Smay*, 2013 CO 25, ¶ 13. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law. *BlueMountain Credit Alts. Master Fund L.P. v. Regal Ent. Grp.*, 2020 COA 67, ¶ 8.

¶ 13 Nash maintains that the Independence House failed to disclose (or possibly destroyed) certain evidence that might be relevant to his claims. But beyond his general assertions, Nash develops no argument explaining why the district court acted outside its discretion. It's not enough to simply disagree with the district court. Rather, "[t]he first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). And "a tale of apparent injustice may assist in that task, but it cannot substitute for legal argument." *Id.*

¶ 14    Left without any developed argument explaining how the district court erred, we are unable to address these assertions. *See Am. Fam. Mut. Ins. Co. v. Am. Nat'l Prop. & Cas. Co.*, 2015 COA 135, ¶ 42 (explaining that an appellate court will not consider conclusory assertions lacking legal argument and development); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005) (stating that even unrepresented litigants must present an argument citing the record and providing legal authority).

## C.    Continuance

¶ 15    In August 2023, Nash asked the district court to continue the November 2023 trial date along with "other" dates. In support of his request, he argued that his attorney had withdrawn and that he needed more time because he had ADHD, a learning disorder, and an anxiety disorder. The district court denied the oral motion, stating "[t]he trial was set outside of 365 days, which is the time within which this [c]ourt has been directed to resolve its matters" and finding no "good cause shown for the continuance." Nash maintains this was reversible error.

¶ 16    We review the denial of a motion for continuance for an abuse of discretion. *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007).

¶ 17    Nash doesn't explain, and we don't see, how the court's ruling to maintain the trial date was manifestly arbitrary, unreasonable, or unfair. More fundamentally, however, the district court granted summary judgment, which eliminated the need for a trial. Nash doesn't argue that the denial of the motion to continue the trial date affected his ability to respond to the motion for summary judgment or the court's summary judgment ruling. Because summary judgment eliminated the need for a trial, any error in declining to continue the trial date is harmless. *See* C.A.R. 35(c) (reviewing court "may disregard any error" that does not affect "the substantial rights of the parties").

¶ 18    To the extent Nash now argues that the court violated the Americans with Disabilities Act (ADA) by holding "someone with severe mental health issues to an accelerated time period," Nash hasn't directed us to where in the record he specifically argued that he needed additional time as an accommodation under the ADA or that he had a qualifying ADA disability. Thus, this issue isn't

preserved for review. *See People in Interest of S.Z.S.*, 2022 COA 133, ¶¶ 15-18 (declining to consider argument that a party was denied reasonable accommodations under the ADA when her counsel argued she had "psychological issues" but did not mention the ADA, assert that she had a qualifying disability, or request accommodations for the disability); *see also Est. of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718, 721 n.5 (Colo. 1992) ("Arguments never presented to, considered or ruled upon by a [district] court may not be raised for the first time on appeal.").

### D. Conflict of Interest

¶ 19    Finally, Nash raises a conflict of interest issue, alleging that an individual apparently affiliated with one of the defendants purportedly has "close ties with the man who appointed the judge and the judge[']s boss."

¶ 20    We decline to address this argument for two reasons. First, Nash doesn't tell us where he raised this argument before the district court. *See Est. of Stevenson*, 832 P.2d at 721 n.5; *Garrett*, 425 F.3d at 840-41; *see also* C.A.R. 28(a)(7)(A) (requiring an appellate brief to cite "the precise location in the record where the

issue was raised and where the court ruled").[1]  Second, the assertion is conclusory and undeveloped.  *See Am. Fam. Mut. Ins. Co.*, ¶ 42.

### III.  Disposition

¶ 21    The judgment is affirmed.

JUDGE NAVARRO and JUDGE GOMEZ concur.

---

[1] If Nash's argument is that he learned about the purported conflict after summary judgment and raised the issue in a C.R.C.P. 60 motion, then that issue is not before us.  *See Brown v. Am. Standard Ins. Co. of Wis.*, 2019 COA 11, ¶¶ 19-21.